## ECHIKOVITZ v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit.
May 4, 1928.

No. 3986.

1. Criminal law ⚖➙369(6)—Admission of testimony that defendant gave false name in purchasing merchandise after liquor indictment held improper.

In trial for manufacturing intoxicating liquor, admission of testimony that defendant gave another name than his own in purchasing merchandise after liquor indictment *held* improper, as he was not trying to avoid arrest, and such evidence had no relation to crime charged.

2. Criminal law ⚖➙1171(3)—District attorney's intimations that persons living near still and one found in yard wherein located were not guilty held to be improper.

District attorney's improper intimations in closing argument on trial for manufacturing intoxicating liquor, that other persons living near still and one found in yard where it was located were not guilty parties, *held* to be improper.

3. Criminal law ⚖➙1169(1), 1171(1)—Ordinarily certain improper evidence and argument referred to should not work reversal, if guilt is clear.

Ordinarily, if guilt is clearly established, the improper evidence, referred to in item 1 hereof, and the improper remarks of the district attorney, referred to in item 2 hereof, should not work a reversal.

4. Intoxicating liquors ⚖➙236(19)—Evidence held not to sustain conviction of manufacturing intoxicating liquor (National Prohibition Act [27 USCA]).

Evidence *held* insufficient to sustain conviction of manufacturing intoxicating liquor in violation of the National Prohibition Act (27 USCA).

In Error to the District Court of the United States for the Western District of Wisconsin.

Joe Echikovitz was convicted of manufacturing intoxicating liquor, and he brings error. Reversed and remanded.

Henry C. Wilson, of Superior, Wis., for plaintiff in error.

Harold E. Hanson, of Stoughton, Wis., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Plaintiff in error (here called defendant) was convicted of manufacturing intoxicating liquor in violation of the National Prohibition Act (27 USCA).

[1] A witness, who knew defendant and had sold him merchandise on different occasions, was permitted, over defendant's objection, to testify that defendant had, in purchasing merchandise after the indictment, given a name other than his own. Defendant was not trying to avoid arrest, and there was no ground on which the evidence was competent. Defendant should not have been prejudiced before the jury by evidence which had no relation to the crime charged.

[2-4] During his closing argument, the district attorney told the jury the names of witnesses before the grand jury, and that the grand jury had gone into certain matters. It was clearly intimated that the Drevland boys, who lived near the still in question, and one Hutchinson, who was found in an automobile in the yard where the still was located at 9 or 10 o'clock on a winter night, far from his home and when there was no one else around, were not the guilty parties. After the statement was objected to it was repeated, and it was only after further objection that the court told the jury to disregard it.

Ordinarily, if the guilt is clearly established, such matters should not work a reversal, but in this case the sole evidence of guilt is that defendant bought a small gasoline engine in November, 1926, for one Renfry, a farmer, which in February, 1927, was found on a farm, 40 miles from where defendant lived, connected up with an operable, and recently operated, still. The record shows that the engine and the other equipment purchased by defendant were such things as were in common use for farm purposes, and no inference unfavorable to defendant could be drawn from the mere fact that he purchased such machinery or merchandise. It does not appear that defendant was ever nearer than 40 miles to the still, or that he, or any one for him, had any connection with or knowledge of it.

There was no motion for an instructed verdict, or other proper motion challenging the sufficiency of the evidence. There was no evidence to sustain the verdict, and we are of opinion that the error in admitting

improper evidence and the improper remarks of the district attorney should work a reversal.

The judgment is reversed, and the case remanded.